# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: ORA E MOTT  
DEBTOR 2 NAME:  

CASE NUMBER: 1343648

I ___Robert J Wallace, Jr.___ certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on ___1/6/2014___ :

Via U.S. First Class Mail, or electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

CAPITAL ONE BANK (USA), N.A.,PO BOX 71083,CHARLOTTE NC 28272-1083  
CAPITAL ONE BANK USA,P.O. BOX 30253,SALT LAKE CITY UT 84130  
CAPITAL ONE BANK USA,P.O. BOX 30281,SALT LAKE CITY UT 84130  
CAPITAL ONE NA,C/O BECKET AND LEE LLP,POB 3001,MALVERN PA 19355-0701  
GECRB/SAMS CLUB,PO BOX 965005,ORLANDO FL 32896  
GEMB/LOWES,P.O. BOX 956005,ORLANDO FL 32896  
GREEN TREE SERVICING, LLC,P.O. BOX 6154,RAPID CITY, SD 57709-6154,TELEPHONE NUMBER: 88829-8778  
GREEN TREE SERVICING, LLC,PO BOX 0049,PALATINE, IL 60055-0049,TELEPHONE NUMBER: 88829-8778  
GREEN TREE SERVICING,PO BOX 6172,RAPID CITY SD 57709  
JENNIFER E. PACKARD,W M LAW,15095 W. 116TH ST,OLATHE KS 66062  
KOHLS PAYMENT CENTER,P.O. BOX 3115,MILWAUKEE WI 53201  
KRAMER & FRANK,1125 GRAND BLVD.,STE 600,KANSAS CITY MO 64106  
LIBERTY HOSPITAL,2525 GLANN W. HENDREN DR.,LIBERTY MO 64068  
MAX LACASSE,1803 NE 72ND TERR.,KANSAS CITY MO 64118  
MISSOURI DEPARTMENT OF REVENUE,BANKRUPTCY UNIT,P.O BOX 475,JEFFERSON CITY MO 65105  
NEBRASKA FURNITURE MART,P.O. BOX 3456,OMAHA NE 68103  
NEBRASKA FURNITURE MART,PO BOX 3000,OMAHA NE 68103  
NORTH KANSAS CITY HOSPITAL,2800 CLAY EDWARDS DR.,KANSAS CITY MO 64116  
ORA E MOTT,1803 NE 72ND TERR,KANSAS CITY MO 64118  
PAYPAL,P.O. BOX 965005,ORLANDO FL 32896  
POWER DRY, INC.,C/O COHEN MCNEILE & PAPPAS, P.C.,4550 BELLEVIEW, 2ND FLOOR,KANSAS CITY MO 64111  
POWER DRY,14808 W. 114 TERR.,LENEXA KS 66215  
QUANTUM3 GROUP LLC AS AGENT FOR,MOMA FUNDING LLC,PO BOX 788,KIRKLAND WA 98083-0788  
SEARS,PO BOX 6282,SIOUX FALLS SD 57117  
TARGET,P.O. BOX 673,MINNEAPOLIS MN 55440  
WELK RESORT GROUP,PO BOX 512148,LOS ANGELES CA 90051  

By Electronic Transmittal :  
By Fax :  

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : ___1/6/2014___      Signature : _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.  
2099 Thomas Road Suite 10  
Memphis, TN 38134

502(8/08)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

F I L E D

1/2/14

U.S. Bankruptcy Court
Western District of Missouri

In Re: Ora E Mott −BELOW MED−

Debtor(s)

Case No.: 13−43648−drd13

**ORDER CONFIRMING CHAPTER 13 PLAN**
**AS FILED OR AMENDED ON OR ABOUT 12/2/13**

The court finds that the amended Chapter 13 plan complies with the requirements of 11 U.S.C. § 1322(a), 1322 (b), 1323(c) and 1325(a) pursuant to 11 U.S.C. § 1329. It is therefore
ORDERED, ADJUDGED and DECREED:
1. The plan is confirmed as amended.
2. The debtor or any entity from which the debtor receives income shall pay to the trustee according to the terms of the plan which shall not exceed 5 years. Payments shall continue until further order of this court. The trustee may cause a wage order to be issued to the debtor's employer. 11 U.S.C.§ 1322(a)(1), 1322(d), and 1325(c). Local Rule 3083−1G.
3. Payments to all creditors shall be made according to the terms of the plan, Local Rules of this Court, the trustee's notice to allow claims, the trustee's notice to allow additional or amended claims, and further orders of the court. The trustee shall only make payments to creditors with filed and allowed claims. 11 U.S.C. § 1326(c), Local Rule 3084−1, and Local Rule 3085−1.
4. Priority claimants shall be paid in full pursuant to 11 U.S.C. § 1322(a)(2).
5. The trustee shall be paid in full pursuant to 11 U.S.C. § 503(b), 1326(b)(2) and 28 U.S.C. § 586(e)(1)(A) and (B).
6. For cases filed on or before October 16, 2005, the debtor shall devote to the plan all disposable income during the first 36 months after the first payment is due under the plan unless the debtor pays 100 percent to all filed and allowed claimants. Regardless of when the case was filed the debtor shall report to the standing trustee any events affecting disposable income, including but not limited to: changes in income, tax refunds, inheritances, prizes, lawsuits, gifts, etc., which are received or receivable during the pendency of the case.
7. The debtor shall not incur any additional debts while this case is open without prior approval of the court except those which may be necessary in an emergency for the protection and preservation of life, health, or property. The trustee may grant borrowing requests pursuant to Local Rule 3088−1.
8. Until the case is closed, the debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without the prior order of the court except as may be required in the course of the debtor's business if the debtor is engaged in business. The debtor may, without court order, sell unencumbered property which has not had a lien avoided as part of this proceeding with a fair market value less than $2,500.00 so long as, within 10 days of the sale, the debtor files with the court an accounting of said sale.
9. Title to the property of the estate vests in the debtor(s) or as specified in the plan. 11 U.S.C. § 1327(b).
10. Confirmed plans may be amended pursuant to 11 U.S.C. § 1329 and may be amended to comply with 11 U.S.C. § 1322(d).
11. Funds paid into the trustee's office in a confirmed plan prior to the case being dismissed or converted shall be distributed pursuant to the confirmed plan and this confirmation order.

Dated: 1/2/14

/s/ Dennis R. Dow
UNITED STATES BANKRUPTCY JUDGE